This suit is brought by the receiver of a corporation to set aside as fraudulent a chattel mortgage covering certain of the machinery and equipment of the corporation. The mortgage was executed July 17th, 1939, and by its terms was to secure *Page 8 
a debt then due to the mortgagee in the amount of $198.72, together with any further indebtedness that might be due and owing not to exceed the amount of $400. In December, 1939, the defendant mortgagee took possession of most of the articles covered by the mortgage and sold them for the sum of $284. It is contended by complainant that the corporation was hopelessly insolvent at the time of the execution of the mortgage; that defendant had notice of this condition and that the mortgage was wholly for an antecedent consideration. He relies upon theRevised Statutes 14:14-2 which read as follows:
"Conveyance after insolvency void as to creditors: bona fide
purchaser. When any corporation shall become insolvent or shall suspend its ordinary business for want of funds to carry on the same, neither the directors nor any officer or agent of the corporation shall sell, convey, assign or transfer any of its real or personal property, chooses in action, rights or credits, nor shall they or any of them make any such sale, conveyance, assignment or transfer in contemplation of insolvency.
"Any such sale, conveyance, assignment or transfer shall be null and void as against creditors, except that a bona fide
purchase for a valuable consideration, before the corporation shall have actually suspended its ordinary business, by any person without notice of such insolvency or of the sale being made in contemplation of insolvency, shall not be invalidated or impeached."
Complainant has not proven the facts to bring the instant suit within the prohibition of the statute. He showed that about the time of the execution of the mortgage, the corporation had outstanding a large number of checks for small amounts, payment of which was refused by the bank, which, it is contended, is evidence of insolvency. The explanation is given by an officer of the corporation that, by arrangement with the bank, it had been the practice of the corporation, for a considerable period, to draw checks against uncollected funds and that because of this practice and the large number of checks drawn against an otherwise unprofitable bank account, an extra charge was made by the bank for this service, which was finally discontinued by the bank at about the time the mortgage was given. At any rate, the giving of these checks did not close the business of the corporation which *Page 9 
continued until the mortgage was foreclosed. The mortgagee denied that he had any knowledge of the insolvency of the corporation. He testified further that the amount of the antecedent debt secured by the mortgage was paid off and that additional merchandise to the amount of $284 was delivered to the corporation between the execution of the mortgage and its foreclosure. This testimony the complainant was unable to contradict, so that on the evidence the mortgage must be sustained as valid.
A decree will be advised dismissing the bill.